UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ARMSTRONG, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:11-CV-0473 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court on the motion of Christopher Armstrong to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The United States has filed a response in opposition to the motion, to which Armstrong has filed a reply. The issues are fully briefed.

**I.    Background**

A grand jury indictment charged Armstrong with conspiring to manufacture in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I); possession of firearms as a convicted felon, in violation of 18 U.S.C. § 922(g) (Counts II and IV); and, possession of firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts III and V).  Armstrong pled guilty to Counts I and III.  Pursuant to the parties' plea agreement, the remaining counts were dismissed at sentencing.

The statutory penalties for Count I included imprisonment for not less than five and not more than 40 years.  For Count III, the penalties included imprisonment of not less than ten years and not more than life, to be imposed consecutively to any other term of imprisonment.  Under the advisory sentencing guidelines, the range of

imprisonment in Armstrong's case was 84 to 105 months. However, Armstrong and the government entered into a plea agreement that contained the following provision:

> Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, in this document the parties have recommended that the defendant be sentenced to a term of 25 years as a result of negotiation between the parties, said sentence consisting of a term of imprisonment of 15 years as to count one and a consecutive term 10 years imprisonment as to count three. The parties believe that the Court should use this recommendation in sentencing the defendant.

The Court accepted the parties' recommendation and sentenced Armstrong to consecutive terms of imprisonment 180 months on Count I and 120 months on Count III. Armstrong did not appeal the judgment.

II.   **Discussion**

In his motion to vacate, Armstrong asserts that he was denied effective assistance of counsel. As grounds for his claim, Armstrong asserts that his attorney (1) should not have allowed him to accept a plea agreement of 180 months imprisonment for Count I when the applicable guideline sentencing range was only 84-105 months; and (2) failed to review the Presentence Investigation Report with him and failed to file objections to the report.

To prevail on his claim of ineffective assistance of counsel, Armstrong must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to establish prejudice, Armstrong "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." Id. at 694.  To show ineffective assistance of counsel in the context of a guilty plea, a movant must show that but for counsel's errors, he would not have pleaded guilty but would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 57–59 (1985); United States v. Davis, 583 F.3d 1081, 1091 (8th Cir. 2009); United States v. Nesgoda, 559 F.3d 867, 870 (8th Cir. 2009). The failure to show prejudice is dispositive.  The court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### Ground 1

During the change of plea hearing, Armstrong was questioned in detail about the terms of the plea agreement.  Under oath, Armstrong stated that he had reviewed the agreement with his attorney and that he understood that, if the agreement were accepted by the Court, he would receive a sentence of 15 years' imprisonment on Count I and a consecutive sentence of 10 years' imprisonment on Count III. Armstrong also stated that he understood that he could receive a sentence of more than 25 years' imprisonment if the plea agreement were rejected.  In fact, Armstrong acknowledged in the plea agreement that he faced a statutory penalty of not less than 40 years' imprisonment if convicted on all counts.  Armstrong voluntarily pled guilty with a full understanding of the consequences, with and without the plea agreement.

Armstrong makes no contention, much less any showing, that he would have rejected the plea agreement and proceeded to trial had he been informed of the 84-105 month guideline imprisonment range.  Indeed, it would have been wrong for defense counsel to even suggest to Armstrong that an 84-105 month range was applicable in his case.  But for the plea agreement, the government would have

prosecuted Armstrong for all five charges in the indictment, and Armstrong would have faced a *minimum* sentence of 40 years in prison upon conviction.[1] Thus, Armstrong had two choices: accept the plea agreement of 25 years or go to trial and run the risk of a minimum 40-year sentence. There is no evidence that the government would have dropped three of the five counts without Armstrong's agreement to a 25-year sentence. Thus, a sentence within the 84-105 month guideline range was never available to Armstrong. Clearly, Armstrong cannot demonstrate that he was prejudiced by his attorney's failure to give him bad advice.

**Ground 2**

Armstrong's second claim---that his attorney did not sufficiently review the presentence report (PSR) with him---is contradicted by statements he made during the sentencing hearing:

> THE COURT: Mr. Armstrong, did you receive a copy of the Presentence Report?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And have you reviewed the report with your lawyer?
>
> THE DEFENDANT: Yes, Your Honor.

United States v. Armstrong, Case No. 4:09-CR-00471, Transcript, p. 22 [Doc. 158]. Greater weight is given to the statements Armstrong made in open court than to the allegations contrary in his motion to vacate. At no point did Armstrong ask for additional time to review the PSR. In any event, Armstrong fails to demonstrate prejudice. He does not show how any further review of the PSR would have affected

---

[1] The charge in Count V carried a minimum sentence of 25 years in prison, to run consecutively to the five-year mandatory minimum for Count I and the consecutive 10-year mandatory minimum for Count III.

the outcome of the proceedings, nor does he contend that, but for his attorney's shortcomings, he would have chosen to go to trial.

Likewise, Armstrong cannot support his ineffective assistance claim based on defense counsel's failure to object to the PSR.  Armstrong does not specify any  error or inaccuracy in the report that would have justified an objection.  *See* Bryson v. United States, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance), *cert. denied,* 536 U.S. 963 (2002).  Thus, he cannot demonstrate how an objection would have changed the outcome of his case.  Hill, 474 U.S. at 57–59 (a movant must show that, but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial).

### III.    Conclusion

For the foregoing reasons, the Court concludes that Armstrong has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion.  The Court finds that Armstrong has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2013.